## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| TYRRELL L.S. BEN-AVI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 22-cv-104-LKG |
| v. ) | |
| ) | Dated:  February 2, 2022 |
| DR. KILOLO KIJAKAZI, ) | |
| *Acting Commissioner* ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

The above-entitled complaint was received in this Court on January 14, 2022, along with a Motion to Proceed in Forma Pauperis, which the Court now grants.

Plaintiff invokes this Court's federal question jurisdiction, indicates that his complaint is filed pursuant to 42 U.S.C. § 1983, and states his claim as follows:

> A full packet was submitted to the Las Vegas Field Office for a new social security number due to name change and a request for a new number due to identity fraud.  LV Field Office lost all vital documentation for over seven months, misspelled name on social security card and file, sent new card and paperwork to a wrong address and forced plaintiff to submitted [sic] four different forms for a new card delaying and disrupting plaintiff's life drastically.  Social Security Administration was careless with sensitive information and callous in their recovery tactics.  SSA has interfered in my ability to full function under my new name and made life difficult.

ECF No. 1 at 4.  Plaintiff seeks an Order requiring the Social Security Administration to:  Submit a letter of responsibility to the Internal Revenue Service, United States Passport Office, and New York State Department of Motor Vehicles "relieving plaintiff's liability for not having a current social security card," and issue a new social security card and number to Plaintiff.  *Id*. at 5.  Plaintiff also seeks damages of five-million dollars.  *Id.*

As indicated, Plaintiff filed this complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious or fails to state a claim on which relief may be granted. *Id.* at § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-723 (4th Cir. 1989).

Even liberally construed, this complaint does not state a federal constitutional claim, nor does Plaintiff assert that a federal statute was violated. While the experience Plaintiff describes is one replete with frustrating errors, there is no constitutional right to receive efficient service from a federal agency, nor is there a federal statute guaranteeing it.

Further, Plaintiff asserts his claim is filed pursuant to 42 U.S.C. § 1983, which only applies to State actors who violate a constitutional right.[1] A suit against a federal agency for a constitutional rights

---

[1] The operative text of § 1983 provides that: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any *State* or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured . . ." 42 U.S.C. §1983 (emphasis supplied).

2

violation must be filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  There are limitations to the types of claims that may be brought pursuant to *Bivens*.  The Supreme Court has clarified over the years that "a *Bivens* remedy will not be available if there are 'special factors counseling hesitation in the absence of affirmative action by Congress.'" *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (quoting *Carlson v. Green*, 446 U.S. 14, 18 (1980)).  Three cases have recognized an actionable claim against federal actors:  (1) *Bivens*, 403 U.S. at 389-98 (remedy available for Fourth Amendment claim against federal agents after they handcuffed a man in his own home without a warrant), (2) *Davis v. Passman*, 442 U.S. 228, 248-49 (1979) (recognizing *Bivens* remedy in suit against a Congressman by former employee who claimed sex discrimination in violation of the equal protection clause of the Fifth Amendment) and (3) *Carlson v. Green*, 446 U.S. at 19 (recognizing damages remedy under *Bivens* for Eighth Amendment violation by federal jailers when they refused to treat a prisoner-plaintiff's asthma).  Thus, even if Plaintiff could amend the instant complaint to include a claim that his constitutional rights were somehow violated, the claim would not be cognizable under *Bivens*.

For these reasons, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 2);
2. **DISMISSES** the complaint for failure to state a claim;
3. **DIRECTS** the Clerk to **PROVIDE** a copy of this Memorandum Opinion and Order to Plaintiff; and

4. **DIRECTS** the Clerk to **CLOSE** this case.

**IT IS SO ORDERED**.

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge
